592 So.2d 1011 (1992)
SUNBELT ROYALTY, INC.
v.
BIG-G DRILLING COMPANY, INC.
No. 89-CA-0120.
Supreme Court of Mississippi.
January 15, 1992.
Philip E. Carby, Brown & Carby, Natchez, for appellant.
Bruce M. Kuehnle, Jr., Adams Forman Truly Smith & Bramlette, Natchez, for appellee.
Before HAWKINS, P.J., and PRATHER and SULLIVAN, JJ.
HAWKINS, Presiding Justice, for the Court:
Sunbelt Royalty, Inc. ("Sunbelt") and Big-G Drilling Company, Inc. ("Big-G Drilling") are each a close Mississippi corporation with principal offices in Natchez. Sunbelt's president is Lester Meng, III, an attorney.
On March 6, 1987, Big-G Drilling sued Sunbelt for payment of a promissory note executed by Meng as president in which Sunbelt promised to pay Big-G $36,779.49 payable January 5, 1987, with interest of ten (10) percent per annum on any unpaid balance. A copy of the note was attached to the complaint. Sunbelt demanded $38,914.33, representing the principal plus $2,134.84 in accrued interest.
Big-G filed its first request for admissions on January 12, 1988, in which Big-G requested that Sunbelt admit or deny the following statements:
REQUEST NO. 1: That the copy of the promissory note attached hereto as Exhibit *1012 "A" is a true, correct and authentic copy of said promissory note.
REQUEST NO. 2: That Defendant has made no payment on the principal or interest owed to Big-G Drilling Company, Inc.
REQUEST NO. 3: That Defendant is in default under the terms of the promissory note attached hereto as Exhibit "A".
REQUEST NO. 4: That the principal balance due and owing to Plaintiff is Thirty-Six Thousand Seven Hundred Seventy-Nine and 49/100 Dollars ($36,779.49), plus interest from August 5, 1986, at the rate of ten percent (10%) per annum.
REQUEST NO. 5: That Lester J. Meng, III, was the President of Sunbelt Royalty, Inc., on August 5, 1986, and he was duly authorized to execute the promissory note for and on behalf of the corporation known as Sunbelt Royalty, Inc., and said Sunbelt Royalty, Inc., is fully bound by the acts of Lester J. Meng, III.
REQUEST NO. 6: That Defendant has no defense to the suit filed herein.
REQUEST NO. 7: That there is no genuine issue of material fact present and that Plaintiff is entitled to a judgment as a matter of law.
A response to the first request for admissions was due on or before February 15, 1988. This deadline was extended to March 8, 1988, after Sunbelt's counsel withdrew on February 19, 1988.
On March 15, 1988, Sunbelt's president, with Lester Meng, III, acting as new counsel, filed an answer to the complaint, but did not file a response to the requests for admissions. On July 14, 1988, Big-G filed a second set of requests for admission. A response to the second set of requests for admissions was due on or before August 5, 1988.
Big-G's attorney advised Sunbelt on August 29, 1988, that responses to the second set of requests for admissions was past due approximately two weeks. They requested that Sunbelt respond by September 6, 1988. Sunbelt filed its responses to Big-G's second set of requests for admissions on September 14, 1988.
On September 28, 1988, Big-G filed motions for partial summary judgment asking for judgment on their complaint. At a hearing on October 25, 1988, Sunbelt presented responses to Big-G's first request for admissions and a response to Big-G's motion for partial summary judgment. The trial judge granted judgment in favor of Big-G Drilling for $44,951.87 with interest, finding that the requests for admissions were deemed admitted when Sunbelt did not respond in a timely manner.
Sunbelt has appealed.

LAW
Rule 36, concerning requests for admission, of the Mississippi Rules of Civil Procedure states in pertinent part:
A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request... . Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney, but unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of forty-five days after service of the summons upon him.
.....
(b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.
The requests for admissions submitted to Sunbelt were a simple matter which could have been answered in a few minutes time. Sunbelt kept the court and Big-G Drilling *1013 dangling in suspense for nearly nine months. The trial judge was correct in holding the requests admitted. Sawyer v. Hannan, 556 So.2d 696 (Miss. 1990); Educational Placement Services v. Wilson, 487 So.2d 1316 (Miss. 1986); 8 Wright & Miller, Federal Practice and Procedure, § 2259 (1970).
AFFIRMED.
ROY NOBLE LEE, C.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
DAN M. LEE, P.J., dissents without written opinion.