CHANDLER, J.,
for the Court.
¶ 1. Abigail Langley, through her parents and next friends Marty and Kim Langley (Langley), sued Drs. Johnny F. Miles and Chester K. White, Sanders Clinic for Women, P.A., and North Mississippi Medical Center, Inc. (NMMC), alleging medical malpractice. The Circuit Court of Lee County granted summary judgment in favor of the defendants after denying Langley’s motion to withdraw deemed admissions. The court alternatively granted summary judgment on the ground that Langley had failed to produce a medical expert. Langley appeals, arguing (1) that her attorney’s treatment for cancer constituted good cause for the failure to timely serve responses to the defendants’ requests for admissions; (2) the trial court abused its discretion in deeming the requests for admissions admitted; and (3) the grant of summary judgment was error.
¶ 2. We find that the trial court’s denial of Langley’s motion to withdraw the deemed admissions was a proper exercise of the court’s discretion and that the court properly granted summary judgment in favor of Dr. Miles, Dr. White, Sanders Clinic, and NMMC. Therefore, we affirm.
FACTS
¶ 3. Langley filed her complaint on December 20, 2002, and an amended complaint on March 31, 2003, alleging the defendants were liable for obstetrical negligence that caused injury to Abigail Langley. On May 16, 2003, Dr. Miles, Dr. White, and Sanders Clinic served Langley with their answer and defenses; NMMC served Langley with a separate answer. On the same day, all four defendants served Langley with discovery requests, including interrogatories, requests for production of documents, and requests for admissions. The defendants’ answers and notice of service of discovery requests were filed with the trial court on May 19, 2003.
¶ 4. No further activity occurred in the case until September 11, 2003, when Dr. Miles, Dr. White, Sanders Clinic, and NMMC moved to deem the requests for admissions admitted pursuant to Rule 36(a) of the Mississippi Rules of Civil Procedure and for summary judgment. The defendants contended that, pursuant to Rule 36(a), the matters in the requests for admissions had been admitted by default due to Langley’s failure to serve the defendants with responses within thirty days. In the motion for summary judgment, the defendants argued that they were entitled to a judgment as a matter of law because Langley could not establish a prima facie case of medical negligence due to the deemed admissions or, alternatively, that *972 Langley lacked expert medical evidence establishing the elements of negligence. On September 23, 2003, Langley moved for additional time to respond to the defendants’ motion. The motion was granted. On October 9, 2003, Langley served the defendants with the discovery responses.
¶ 5. On October 15, 2003, Langley filed a notice of service of discovery responses, a motion to withdraw the deemed admissions, and a response to the defendants’ motion for summary judgment. Langley’s counsel also submitted his own affidavit stating that, beginning on May 13, 2003, until approximately July 1, 2003, he was being treated for melanoma. During this period, counsel underwent two surgeries to remove a cancerous lesion from his flank. The first surgery occurred on June 4, 2003, and the second occurred on June 18, 2003. Counsel stated that he received the defendants’ discovery requests on or about May 19, 2003. He stated that he gave a cursory examination to the discovery requests but had failed to notice the requests for admissions. Counsel said that he gave the discovery requests to a paralegal. The paralegal left the firm on or about July 15, 2003, never having alerted counsel to the presence of the unanswered requests for admissions. At oral argument in this case, counsel stated that he became aware of the requests for admissions in July 2003 when he returned to his office after his cancer treatment.
¶ 6. A hearing occurred in the trial court on February 11, 2005. At the hearing, Langley sought to show that there was good cause for the failure to timely respond to the requests for admissions. Langley’s counsel stated that he recovered from his cancer surgeries in August 2003 and returned to work after Labor Day 2003. The trial judge stated that she had no problems with the delay in responding that had been caused by counsel’s illness. However, she found that counsel had failed to adequately explain the additional delay that had occurred after Labor Day 2003. For that reason, the court granted the defendants’ motion to deem the requests admitted and denied Langley’s motion for withdrawal of the admissions. Pursuant to the deemed admissions, Langley admitted that the health care services provided by the defendants were not negligent but comported with the applicable standards of care and that Langley did not have a competent health care expert to advance a case of medical negligence against the defendants. Based on these admissions, the court found that there was no genuine issue of material fact for trial and that the defendants were entitled to summary judgment. Alternatively, the court found that the defendants were entitled to summary judgment because Langley had failed to produce sworn testimony by a medical expert in response to the motion for summary judgment.
LAW AND ANALYSIS
I. DID APPELLANT’S COUNSEL HAVING SURGERY AND TREATMENT FOR CANCER OF THE MELANOMA VARIETY DURING THE TIME THE ANSWERS WERE DUE ON THE DEFENDANTS’ REQUESTS FOR ADMISSIONS CONSTITUTE GOOD CAUSE TO SET ASIDE THE DEEMED ADMISSIONS BY DEFAULT?
II. DID THE LOWER COURT COMMIT ERROR AND ABUSE ITS DISCRETION IN GRANTING AP-PELLEE’S MOTION TO DEEM THE ADMISSIONS ADMITTED?
¶ 7. We address these issues concerning the deemed admissions together because the appellant has argued them together in her brief. Rule 36(a) of the *973 Mississippi Rules of Civil Procedure provides that a party may serve on another party “a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact....” The rule provides that the matters are admitted
unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of forty-five days after service of the summons upon him.
¶ 8. Rule 36(b) states that any matter admitted pursuant to the rule “is conclusively established unless the court on motion permits the withdrawal or amendment of the admission.” A matter deemed admitted due to a failure to timely serve responses is the functional equivalent of a stipulation or an admission in a pleading. DeBlanc v. Standi, 814 So.2d 796, 801(¶ 25) (Miss.2002). The court may permit withdrawal or amendment of the admission when withdrawal would subserve the presentation of the merits of the action and when the opposing party fails to satisfy the court that withdrawal would prejudice the opposing party in maintaining his action or defense on the merits. M.R.C.P. 36(b). The court’s allowance of withdrawal or amendment is “subject to the provisions governing amendment of a pre-trial order.” Id.
¶ 9. On review of a trial court’s denial of a Rule 36(b) motion, we are mindful that matters concerning discovery are within the sound discretion of the trial court. Earwood v. Reeves, 798 So.2d 508, 514(¶ 19) (Miss.2001). This Court will not overturn a discovery order absent an abuse of discretion. Id. Regarding requests for admissions, “[a] certain amount of discretion is vested in the trial judge with respect to whether he or she will take matters as admitted.” Id. (citing In re City of Ridgeland, 494 So.2d 348, 353 (Miss.1986)). The supreme court has stated that, while Rule 36 is to be enforced according to its terms, the trial court has broad discretion to grant amendments or withdrawals of deemed admissions in the proper circumstances. DeBlanc, 814 So.2d at 801—02(¶ 26). On review, the court is likely to affirm the trial court’s enforcement of Rule 36 according to its terms if no justifiable excuse or explanation was offered for the default. Id. at 801(¶ 22); Earwood, 798 So.2d at 517(¶ 29); see also Byrd v. Bowie, 933 So.2d 899(¶ 14) (Miss.2006) (finding that the trial court was within its discretion in rejecting “[t]he Defendants’ meager proof or reasons given to the trial court for their failure to respond.”).
¶ 10. In Earwood, Earwood served a response to requests for admissions ten months late upon the mistaken belief that a motion to transfer venue would toll the time for responding. Id. at 515(¶ 21). Earwood did not serve the responses until after the requesting party had filed a motion to deem requests admitted, to compel, and for partial summary judgment. Id. at 516(¶ 25). The trial court refused to permit withdrawal of the admissions though the admissions would result in entry of summary judgment against Earwood. Id. at 516-17 (¶¶ 26,27). The supreme court affirmed, explaining:
We are compelled to acknowledge the adage that rules are promulgated for a *974 purpose, this being precisely an instance in which that principle applies. Mechanisms exist whereby a trial court may hold that an untimely response does not constitute a deemed admission because the trial court has broad discretion in pretrial matters. However, because of the trial court’s broad discretion in such matters, it certainly may also require that parties comply with the rules as stated. Here, the trial court found no compelling reason to allow disrespect of M.R.C.P. 36 regarding the set time for responding to requests for admissions; and we find no compelling reason to hold that such was an abuse of discretion. Earwood knew or should have known the severe consequences of failing to timely respond.
Id. at 516(¶ 26).
¶ 11. In the instant case, the defendants served their requests for admissions on May 16, 2003. During the thirty day period prescribed by Rule 36(a), the trial court did not adjust the time allowed for the response. Therefore, Langley had thirty days in which to serve responses upon the defendants, or the admissions would stand admitted and the matters therein conclusively established. M.R.C.P. 36. Langley did not serve the responses until October 9, 2003, almost five months after receiving the requests for admissions. The trial court held that the requests for admissions had been admitted due to Langley’s failure to serve responses on the defendants within thirty days as provided by Rule 36(a). The court denied Langley’s Rule 36(b) motion to withdraw the deemed admissions.
¶ 12. On appeal, Langley argues that the Rule 36(b) ruling was an abuse of discretion. Langley argues that her counsel’s cancer treatment constituted good cause for the failure to respond within the thirty day period. The trial court did not expressly state that counsel’s cancer was good cause or a justifiable excuse for missing the deadline to serve responses. However, the court stated that it was not counting the time missed for counsel’s illness against Langley and was only concerned with the period that had elapsed between counsel’s return to work after Labor Day 2003 and the date the responses were served on October 9, 2003. Thus, the court’s denial of the motion to withdraw was not based upon the time lost due to counsel’s cancer treatment, but upon counsel’s delay in taking action once his illness had resolved.
¶ 13. Langley argues that, because she had good cause for failing to meet the thirty-day deadline, her continued failure to respond after the deadline had passed could not be counted against her. Langley’s counsel contends that he thought the service of a response after the deadline had passed would have been a futile act because, by then, the requests had already been admitted by default. With these arguments Langley contends that, in ruling on a motion to withdraw deemed admissions, the trial court should be restricted from considering the entire length of the delay in responding or taking other action, but should only consider whether or not good cause existed for inaction during the period for responding allowed by Rule 36(a).
¶ 14. When reviewing the trial court’s ruling that requests for admissions were deemed admitted by default, the court has routinely considered the lower court’s exercise of discretion in light of the total length of the time taken for responding to the requests for admissions. See Earwood, 798 So.2d at 516(¶ 25) (almost ten months between service of the requests and the response); Sunbelt Royalty, Inc. v. Big-G Drilling Co., 592 So.2d 1011, 1013 (Miss.1992) (nine months between service of the requests and the responses); Saw *975 yer v. Hannan, 556 So.2d 696, 698 (Miss.1990) (responses filed three weeks after they were due). In the above cited cases, no justifiable excuse was given for the defaulting party’s failing to respond within the time allowed by Rule 36(a). In the instant case, Langley’s failure to comply within the time allowed was explained to the trial court’s satisfaction by counsel’s illness. However, the trial court was within its discretion in also considering counsel’s neglect of the situation after his illness had resolved and he had returned to work. When a party is in default under Rule 36(a), the trial court and the requesting party should not have to wait indefinitely for the defaulter to serve the responses, to file a motion for an extension of time pursuant to Rule 6(b)(2), to file a Rule 36(b) motion to withdraw, or to take other action to attempt to rectify the default. Rather, it is within the court’s broad discretion concerning discovery matters to consider a party’s failure, after the illness or other justifiable impediment to responding has ended, to make a reasonably timely effort to correct the default.
¶ 15. The trial court found that the conduct of Langley’s counsel after his illness had resolved was insufficient to merit withdrawal of the deemed admissions. Given the facts surrounding the delay, we find that this ruling was within the court’s discretion. Counsel stated in his affidavit that his sutures from his second surgery were removed on July 1, 2003. Soon thereafter, he saw an oncologist who determined that no cancer cells were present; after that, he was to follow up with the oncologist every three months to monitor for recurrence. Counsel admitted at oral argument before this Court that he became aware of the unanswered requests for admissions sometime in July 2003. Counsel informed the lower court that he did not recover from the surgery until August 2003 and that he did not return to work until after Labor Day 2003. The trial court credited Langley for all of the delay which her counsel averred was caused by his cancer treatment and subsequent recuperation. But, as the trial court found, counsel had no excuse for the additional delay after he had returned to work. Indeed, Langley’s counsel did nothing concerning the requests for admissions until after the defendants had served their motion to deem the requests admitted and for summary judgment. As the court observed in Sunbelt Royalty, in the case sub judice, the requests for admissions were “a simple matter which could have been answered in a few minutes’ time.” Sunbelt Royalty, 592 So.2d at 1013. We recognize that the result in this case is a harsh one. Nonetheless, given the trial court’s broad power to regulate discovery, the court was within its discretion in denying Langley’s motion to withdraw the deemed admissions based upon the inaction of Langley’s counsel.
III. DID THE LOWER COURT COMMIT ERROR IN GRANTING AP-PELLEES’ MOTION FOR SUMMARY JUDGMENT?
¶ 16. The trial court alternatively granted summary judgment based upon Langley’s failure to produce sworn expert medical evidence in response to the defendants’ motion for summary judgment. Langley maintains that, assuming we find that the admissions were admitted, her appeal of the grant of summary judgment is limited to challenging the trial court’s alternative basis for summary judgment. Though we affirm the lower court’s ruling on the admissions and the grant of summary judgment based on the admissions, we address Langley’s alternative argument.
 ¶ 17. A party is entitled to summary judgment if the evidentiary matters before the court, such as pleadings, depositions, answers to interrogatories, admis *976 sions on file, and affidavits, demonstrate that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M.R.C.P. 56(c). This Court reviews the grant or denial of summary judgment de novo. Saucier ex. rel. Saucier v. Biloxi Reg’l Med. Ctr., 708 So.2d 1351, 1354(¶ 10) (Miss.1998). We will consider all of the evidence before the lower court in the light most favorable to the non-moving party. Palmer v. Anderson Infirmary Benevolent Ass’n, 656 So.2d 790, 794 (Miss.1995). The moving party bears the burden of persuading the court that there is no genuine issue of material fact to be tried. Shaw v. Burchfield, 481 So.2d 247, 252 (Miss.1985). The party with the burden of proof of a claim or defense at trial carries the burden of production. Palmer v. Biloxi Reg’l Med. Ctr., Inc., 564 So.2d 1346, 1355 (Miss.1990). In a medical malpractice action, the plaintiff carries the burden of proof at trial and thus, the burden of production on summary judgment. Id. Unless the matter is within the common knowledge of laypersons, to establish a prima facie case of medical negligence against a physician, a plaintiff must present competent expert testimony as to the applicable standard of care, breach, and proximate causation. Phillips v. Hull, 516 So.2d 488, 491 (Miss.1987).
¶ 18. In their motion for summary judgment, the defendants averred that Langley lacked expert medical evidence establishing the elements of negligence and that, in the absence of such proof, no genuine issue of material fact existed. Langley produced no sworn medical evidence in response to the motion. Langley does not dispute that expert testimony would have been required to establish a departure from the standard of care in this case. She contends that, because no supporting affidavits were attached to the defendants’ motion for summary judgment, the defendants failed to meet their burden of persuasion and Langley had no obligation to produce any sworn medical evidence.
¶ 19. Langley’s argument is without merit. “The party moving for summary judgment bears the burden of persuading the trial court that no genuine issue of material fact exists, and that they are, based on the existing facts, entitled to judgment as a matter of law.” Paepke v. N. Miss. Med. Ctr., 744 So.2d 809, 812(¶ 14) (Miss.Ct.App.1999). In this case, the defendants met this burden by pointing out from the existing facts that, because Langley lacked expert medical evidence, there was no genuine issue of material fact and the defendants were entitled to a judgment as a matter of law. Langley had the burden of proof of medical negligence at trial and, to withstand summary judgment, Langley needed to produce evidence of “significant and probative value” tending to show that a genuine issue of material fact existed. Id. This would have required a sworn affidavit of an expert witness attesting to the standard of care and that the defendants’ treatment of Langley breached the standard of care. Palmer, 564 So.2d at 1357. Langley failed to produce any sworn expert medical evidence in response to the defendants’ motion. Therefore, the trial court appropriately granted summary judgment on this ground.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.