GRIFFIS, P.J.,
for the Court:
¶ 1. This case considers whether a trial court may disregard admissions that are made by a party’s failure to respond to requests for admissions under Rule 36 of the Mississippi Rules of Civil Procedure.
¶2. After a bench trial, the Circuit Court of Harrison County determined that the plaintiff, Xiaoyan Li “Shannon” Montgomery, failed to meet her burden of proof in the claims she asserted against Linda Stribling. The circuit court entered a judgment in favor of Stribling. From this judgment, Montgomery appeals and argues that the court committed error when: (1) it denied her motion to deem admitted the requests for admissions, (2) it failed to enter a judgment when the admissions were sufficient to establish her claims for breach of contract and fraud, and (3) it failed to enter a judgment for damages based on the evidence admitted at trial.
FACTS
¶ 3. In her complaint, Montgomery brought claims for breach of contract, fraud, and unjust enrichment against several defendants: Russell Benet, doing business as Lagniappe Construction and Real Estate Consulting, LLC (“Lagniappe”); Stribling, individually; and Elite Modular Structures, LLC (“Elite”). The circuit court granted Montgomery a summary judgment against Benet in the amount of $84,929. Prior to trial, Montgomery asked to dismiss Elite because the LLC had not been formed until after the events that are the subject of this litigation.[1] In this appeal, Montgomery’s claims against Stribling are in issue.
*826 ¶4. Montgomery owns a fishing camp and rental cabins in Hancock County, Mississippi. The business is known as The Cabins at Shoreline Park. In 2005, Hurricane Katrina damaged the office building and apartment on the property.
¶ 5. In March of 2008, Stribling contacted Montgomery to inquire about lodging availability for Benet. Stribling was a general contractor of construction projects. Benet worked for Stribling. Montgomery and Stribling agreed upon an arrangement that allowed Benet to live in one of the cabins.
¶ 6. In May of 2008, Benet arranged a meeting between Montgomery and Stri-bling to discuss rebuilding the office and apartment. Benet later entered into an agreement with Montgomery to remodel and construct the office and apartment for $100,000. Benet then tore down the existing structure using a remodeling permit. Because the structure was completely torn down, the City of Bay St. Louis issued a stop-work order and required that a building permit for new construction be obtained for work to continue.
¶7. In June, Benet arranged another meeting between Montgomery and Stri-bling. Montgomery agreed to pay Stri-bling $12,200 for her assistance in obtaining a construction permit. Montgomery then wrote a check to Elite for $6,100. With the aid of her son, a local attorney, Stribling applied for a construction permit from the city. The city granted Stribling a permit. The permit recorded Stribling as the contractor responsible for the construction project.
¶ 8. After Stribling obtained the permit, Benet installed support poles and poured a concrete slab. The slab was not level, and the poles were not aligned correctly. Neither Benet nor Stribling completed any further construction. They did not repair the defects in the slab or pole alignment.
¶ 9. Throughout this period, Montgomery paid Benet $76,729 toward the project. Benet paid $2,000 to Stribling’s son for attorney’s fees and the remaining $6,100 of the $12,200 that was due to Stribling. Montgomery paid a total of $84,929 of the $100,000 agreed-upon amount. The costs to repair defects in the workmanship of the slab and poles or costs to complete the construction of the apartment and office building were not included in the amount Montgomery paid to Benet and Stribling.
¶ 10. After the complaint was filed, Montgomery’s attorney served discovery requests on Stribling. Specifically, Montgomery propounded the following requests for admissions:
REQUEST FOR ADMISSION NO. 1: Admit or deny that you had an ownership interest in Elite Modular Structures, LLC from May 2008 through October 2008.
REQUEST FOR ADMISSION NO. 2: Admit or deny that you were the sole owner of Elite Modular Structures, LLC from May 2008 through October 2008.
REQUEST FOR ADMISSION NO. 3: Admit or deny that you had sole control and authority over the acts and the contracts made by Elite Modular Structures, LLC from May 2008 through October 2008.
REQUEST FOR ADMISSION NO. 4: Admit or deny that Russell Edward Benet performed construction work or provided services to Elite Modular Structures during 2008, and that he received compensation for such services.
REQUEST FOR ADMISSION NO. 5: Admit or deny that you had knowledge of the fact that Russell Edward Benet was collecting money from Shannon Montgomery after June 80, 2008[,] for a construction project on Highway 608 in Bay St. Louis in 2008 for which Elite *827 Modular Structures, LLC had been issued a permit by the City of Bay St. Louis.
REQUEST FOR ADMISSION NO. 6: Admit or deny that Elite Modular Structures, LLC received some of the money paid by Shannon Montgomery to Russell Edward Benet.
REQUEST FOR ADMISSION NO. 7: Admit or deny that Russell Edward Benet appeared to have authority to act on behalf of Elite Modular Structures, LLC or you concerning the construction of the property of Shannon Montgomery on Highway 603 in Bay St. Louis.
REQUEST FOR ADMISSION NO. 8: Admit or deny that you did not supervise any of the work performed on the property of Shannon Montgomery by Russell Edward Benet or any person under his control or direction.
REQUEST FOR ADMISSION NO. 9: Admit or deny that a contract existed (whether written, oral or implied) between Elite Modular Structures, LLC and Shannon Montgomery [for] the construction of an office and apartment on her property at 10296 Highway 603 in Bay St. Louis, Mississippi.
REQUEST FOR ADMISSION NO. 10: Admit or deny that Shannon Montgomery has paid to you, your son, Elite Modular Structure, LLC or Russell Benet a total of $78,100.00 in 2008 for the obtaining of a construction permit and the construction of an office and apartment on her property at 10296 Highway 603 in Bay St. Louis, Mississippi.
REQUEST FOR ADMISSION NO. 11: Admit or deny that the reasonable costs, labor and materials, for what was actually constructed at 10296 Highway 603 in Bay St. Louis, MS in 2008 is far less than $78,100.00.
REQUEST FOR ADMISSION NO 12: Admit or deny that what was actually constructed at Highway 603 in Bay St. Louis, MS in 2008 is not up to good and workmanlike standards for construction.
¶ 11. Stribling did not answer the requests within thirty days, as required by Rule 36 of the Mississippi Rules of Civil Procedure. Stribling did file a response that was four months late. Thereafter, Montgomery filed a motion for summary judgment and a motion for the circuit court to deem admitted the requests for admission, pursuant to Rule 36. Stribling never filed a motion to withdraw or amend the admissions. The circuit court denied both motions.
¶ 12. On February 8, 2011, this matter was heard at a bench trial. Stribling represented herself at this trial.[2] On May 19, 2011, the circuit court entered a judgment in favor of Stribling.
ANALYSIS
¶ 13. Our analysis begins with the acknowledgment that Stribling failed to file a brief with this Court. Failure “to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and brief of [the] appealing party, that there was no error.” Varvaris v. Perreault, 813 *828 So.2d 750, 752 (¶ 5) (Miss.Ct.App.2001) (quoting Dethlefs v. Beau Matson Dev. Corp., 458 So.2d 714, 717 (Miss.1984)). In order to merit reversal, an “appellant’s argument should at least create enough doubt in the judiciousness of the trial court’s judgment that this Court cannot say with confidence that the case should be affirmed.” Id. (quoting Selman v. Selman, 722 So.2d 547, 551 (¶ 13) (Miss.1998)).

1. Whether the circuit court committed reversible error in denying Montgomery’s motion to deem the requests for admissions admitted, due to Stribling’s failure to timely respond under Mississippi Rule of Civil Procedure 36.

¶ 14. In this first issue, Montgomery argues that the trial court abused its discretion to deny her motion to deem the requests for admissions to be admitted. Montgomery asks this Court to enforce Rule 36 of the Mississippi Rules of Civil Procedure. In pertinent part, Rule 36 provides:
(a) A party may serve upon any other party a written request for the admission, for the purpose of the pending action only, of the truth of any matters within the scope of [Mississippi] Rule [of Civil Procedure] 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact.... The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requestiny the admission a written answer or objection addressed to the matter, signed by the party or by his attorney
(b) Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits -of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.
(Emphasis added).
¶ 15. Recently, in Boyd v. Boyd, 83 So.3d 409, 416 (¶ 19) (Miss.Ct.App.2011), we acknowledged “that this Court has strictly enforced the application of Rule 36 according to its terms.” (Citing Educ. Placement Servs. v. Wilson, 487 So.2d 1316, 1318 (Miss.1986) (citation omitted)). “[T]he rule of law in this State is that Rule 36 is to be enforced according to its terms. Matters admitted by default under Rule 36(a) are established unless and until the trial court allows amendment or withdrawal by motion under Rule 36(b).” DeBlanc v. Stancil, 814 So.2d 796, 800 (¶ 17) (Miss.2002) (emphasis added). “[D]espite the fact that harsh consequences might result,” the supreme court has explained “rules are promulgated for a purpose.” DeBlanc, 814 So.2d at 801 (¶ 23); see also Earwood v. Reeves, 798 So.2d 508, 516 (¶ 26) (Miss.2001).
¶ 16. In In re Dissolution of Marriage of Leverock and Hamby, 23 So.3d 424, 426 (¶ 2) (Miss.2009), the plaintiff argued the chancery court erred in refusing to deem requests for admission admitted despite the defendant’s untimely response. There, the defendant was more than sixty-four days late in responding. Id. at 432 (¶ 27). Similar to Montgomery, the plaintiffs had moved to deem the requests as admitted at *829 the start of trial. Id. The chancellor found that the plaintiffs’ motion was not timely. Id. The supreme court found the plaintiffs were not required to petition for deeming the requests admitted. Id. at (¶ 28). This is because “a judge does not have the discretion to deem the matter admitted, because a request is conclusively established upon a party’s failure to answer within thirty days.” Id.
¶ 17. The plaintiff in Boyd filed her responses to requests for admissions almost a year after they were due. Boyd, 83 So.3d at 416 (¶ 21). She never filed a motion to withdraw or amend the admissions. Id. at 414 (¶ 10). We stated there that “this Court has strictly enforced the application of Rule 36 according to its terms.” Id. at 416 (¶ 19).
¶ 18. “Matters of discovery are left to the sound discretion of the trial court, and discovery orders will not be disturbed unless there has been an abuse of discretion.” Scoggins v. Baptist Mem’l Hosp.-Desoto, 967 So.2d 646, 648 (¶ 8) (Miss.2007) (quoting Earwood, 798 So.2d at 514 (¶ 19)). Here, Stribling did not move to amend or withdraw the admissions, even though Rule 36 requires such a motion in order for the admissions not to be deemed admitted by operation of law. Certainly, the circuit judge has discretion under Rule 36 to grant amendments or withdrawals. Langley v. Miles, 956 So.2d 970, 973 (¶ 9) (Miss.Ct.App.2006). The remedy under Rule 36 is to seek, by motion, withdrawal or amendment of the admissions. See Boyd, 83 So.3d at 417 (¶ 22). The circuit court cannot “help” the untimely party if “she failed to avail herself of the remedies provided under Rule 36(b).” Id.; see also Martin v. Simmons, 571 So.2d 254, 257 (Miss.1990). The rule’s language is that without a motion to “activate” the trial judge’s discretion to grant amendment or withdrawal, the requests are deemed admitted on the thirty-first day by operation of law. Martin, 571 So.2d at 257 (where the defendants never filed a motion, “the chancellor was not called upon to exercise his discretion”).
¶ 19. In its judgment, the circuit court made factual findings that were contradicted by the required admissions. The circuit court found “there is no indication that Benet had actual or apparent authority to act on behalf of Stribling.” Request for admission number 7 served on Stribling admitted: “Admit or deny that Russell Edward Benet appeared to have authority to act on behalf of Elite Modular Structures, LLC or you concerning the construction of the property of Shannon Montgomery on Highway 603 in Bay St. Louis.” Accordingly, it was error for the circuit court not to have considered this matter to be admitted. We conclude that Rule 36 conclusively established Stribling’s admissions to the above requests because she failed to timely respond and never moved to have her admissions withdrawn or amended. Therefore, the circuit court erred when it did not deem the requests admitted.

2. Whether the requests, if deemed admitted, and the facts established at trial are sufficient to support Montgomery’s causes of action for breach of contract and’fraud.

¶ 20. “A party is entitled to summary judgment if ... admissions ... demonstrate that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.” Langley, 956 So.2d at 975-76 (¶ 17). This Court reviews a denial of summary judgment de novo. Id. at 976 (¶ 17) Montgomery carries the burden here to establish the elements of her claims. See id. The party who propounded the requests in Langley was entitled to summary judg *830 ment because with the admissions, the trial court properly found that there was no genuine issue of material fact for trial. Id. at 972 (¶ 6), 975 (¶ 15).
¶21. The motion for summary judgment in DeBlanc was based only on an untimely response to requests for admissions. DeBlanc, 814 So.2d at 797 (¶ 4). The requests there were deemed admitted because of the failure to file a motion to withdraw or amend. Id. at 798 (¶ 7). The supreme court held that the trial court could find the matters deemed admitted were conclusively established and, as such, were sufficient to support a grant of summary judgment. Id. at 801-02 (¶¶ 26-27).
¶ 22. Here, it was error for the circuit court to ignore the deemed admissions. As discussed above, Montgomery’s requests for admissions were deemed admitted by operation of law, and thus, the following were conclusively established: (1) Stribling had sole ownership, control, and authority over the acts of and contracts made by Elite; (2) Benet performed work for Elite and was paid for that work; (3) Stribling knew Benet was collecting money from Montgomery for a project on Montgomery’s property and the city had issued Elite the building permit; (4) a contract (whether oral, written, or implied) between Elite and Montgomery existed; (5) Benet was Stribling’s employee and appeared to have authority to act on her behalf; (6) Stribling received some of the money paid by Montgomery to Benet; (7) Stribling did not supervise the construction work; (8) the value of the labor performed and materials for what was actually constructed was far less than the amount Montgomery paid; (9) what was actually constructed was not up to good and workmanlike standards for construction; and (10) Montgomery had paid to Stribling, Stribling’s son, Elite, or Benet a total of $78,100.
¶23. Further, the admissions established that Benet had apparent authority to act on Stribling’s behalf, and Stribling knew Benet was collecting money from Montgomery. Stribling admitted that she received some of this money. From those admissions, Benet was thus an agent of Stribling, capable of binding her by his actions and representations. Because Stribling admitted to be the sole owner of Elite and to have sole control over the acts and contracts of Elite, Elite was an alter ego of Stribling. Stribling can thus be held hable for the contracts of Elite.
¶ 24. Stribling also admitted that there was a contract. Stribling admitted that the work under the contract (the uneven slab and misaligned poles) was actually performed for far less money than she received from Montgomery. Stribling admitted to a breach of the contract, by admitting that what was actually constructed was not up to good workmanlike standards for construction. Therefore, Montgomery was entitled to be put in the position she would have occupied if there had been no breach. See Culbreath Revocable Trust v. Sanders, 979 So.2d 704, 709 (¶ 22) (Miss.Ct.App.2007) (citing Eastland v. Gregory, 530 So.2d 172, 174 (Miss.1988)). Therefore, as to Montgomery’s breach-of-contract claim, there were no genuine issues of material fact for trial, and summary judgment should have been granted.
¶ 25. Summary judgment cannot be granted where the admissions did not establish all the elements of the claims. Martin, 571 So.2d at 258. To establish fraudulent misrepresentation, Montgomery must show:
(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker’s knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the *831 hearer’s ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.
Holland v. Peoples Bank & Trust Co., 3 So.3d 94, 100 (¶ 13) (Miss.2008) (quoting Bank of Shaw v. Posey, 573 So.2d 1355, 1362 (Miss.1990)).
¶ 26. Here, none of the admissions that Montgomery based her motion for summary judgment on contained any specific representations by either Stribling or Benet, and these admissions did not establish the elements of fraudulent misrepresentation. Thus, we conclude that the circuit court properly denied summary judgment on Montgomery’s fraudulent-misrepresentation claim.
¶27. Therefore, since the above facts were conclusively established because they were deemed admitted by operation of law, the circuit court erred in denying summary judgment in favor of Montgomery on her breach of contract claim. Summary judgment was proper on the breach-of-contract claim because there were no genuine issues of material fact for the court to decide, as the necessary facts had been admitted.

3. Whether Montgomery established damages through Stribling’s admissions and the evidence at trial.

¶ 28. At trial, Stribling claims that it was undisputed that the cost (including prejudgment interest) of putting Montgomery in the position as if no breach had occurred was $107,077.64.
¶ 29. Montgomery also sought damages for emotional distress. For a damages award for mental anguish and emotional distress in a breach-of-contract action, a plaintiff must show:
(1) that mental anguish was a foreseeable consequence of the particular breach of contract, and (2) that he or she actually suffered mental anguish. Such generalizations as “it made me feel bad,” or “it upset me” are not sufficient. A plaintiff must show specific suffering during a specific time frame. These requirements are not different from the requirements to establish physical pain and suffering.
Univ. of S. Miss. v. Williams, 891 So.2d 160, 173 (¶ 31) (Miss.2004). Montgomery cited no specific instances of suffering, and only stated generalizations, such as that she “was just up and down every day every moment” and that she was “depressed.” This testimony does not sufficiently establish damages for emotional distress.
¶ 30. We have concluded that the circuit court committed reversible error when it failed to deem Montgomery’s requests for admissions to be conclusively admitted. We also recognize that Stribling has failed to file a brief in this appeal. The failure to file a brief is “tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and brief of [the] appealing party, that there was no error.” Varvaris, 813 So.2d at 752 (¶ 5). We reverse this case because we find that the “appellant’s argument should at least create enough doubt in the judiciousness of the trial court’s judgment that this Court cannot say with confidence that the case should be affirmed.” Id. Based on this standard, this Court has determined that the appropriate remedy in this appeal is to remand this case to the circuit court to enter a judgment against Stribling and assess the appropriate amount of damages based on the evidence presented at trial.
¶ 31. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY IS REVERSED, AND THIS *832 CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ, CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. Prior to and during the time in issue here, Stribling used the name Elite Modular Structures in her business dealings.

. Before the trial began, the circuit court informed Stribling that, simply because she served as her own counsel, the court could not "relax or disregard the Rules of Evidence, procedure or courtroom protocol for you simply because you're representing yourself.” Stribling acknowledged, "Yes, sir, I understand.” She responded the same when the court informed her that she "must follow all the technical rules of substantive law, civil procedure, and evidence in making motions, objections, and the presenting of evidence throughout the course [of the trial].”