MAXWELL, J.,
for the Court:
¶ 1. On October 21, 2010, Sherry Chandler Rainer, a former personnel manager at the Wal-Mart in Magee, Mississippi, sued Wal-Mart alleging she had been wrongfully arrested and charged with embezzlement. During the discovery phase of trial, Rainer’s counsel failed to timely respond to Wal-Mart’s requests for admissions. The trial court deemed the responses admitted, finding Rainer’s counsel had not offered a justifiable explanation for failing to act. Based on the deemed-admitted responses, the court granted Wal-Mart’s motion for summary judgment.
¶ 2. We find the requests at issue were properly deemed admitted. And because no factual or legal issues were then in dispute, the trial court properly granted summary judgment in Wal-Mart’s favor. We affirm.
Background
¶ 3. On October 23, 2009, Rainer was terminated by Wal-Mart and charged with embezzlement for allegedly violating store policies regarding the use of employee dis *401 counts and merchandise refunds. Specifically, Wal-Mart accused Rainer of double-dipping on refunds by obtaining an employee discount as well as a price reduction on two previously purchased Nintendo Wii video-game consoles, which she returned. After the charges against her were dismissed, Rainer sued Wal-Mart in the Simpson Court Circuit Court. She asserted claims of malicious prosecution, libel, slander, intentional infliction of emotional distress, negligence, and gross negligence.
¶ 4. On June 28, 2011, Wal-Mart served Rainer with discovery requests, including requests for admissions. When Wal-Mart did not receive Rainer’s answers within the thirty-day time period allowed under Mississippi Rule of Civil Procedure 36(a), it sent Rainer’s attorney a good-faith letter providing Rainer additional time to respond. Despite Wal-Mart’s show of good faith, Rainer’s counsel neither responded to the propounded discovery nor otherwise responded to Wal-Mart’s letter.
¶ 5. On September 15, 2011, Wal-Mart moved for summary judgment. It argued there were no genuine issues of material fact concerning liability because its requests for admissions were admitted as a matter of law. In reply, Rainer’s counsel filed a motion to withdraw admissions on October 6, 2011. His attempt to withdraw was seventy days after the thirty-day time period allowed for answers under Rule 36(a) had passed and approximately fifty-five days after receipt of Wal-Mart’s good-faith letter.
¶ 6. The court held a hearing in which Rainer’s counsel claimed to have not received Wal-Mart’s propounded discovery. And while counsel admitted receiving Wal-Mart’s good-faith letter on August 12, 2011, he insisted he had simply overlooked the portion of the letter concerning requests for admissions. The court found this reason insufficient to grant Rainer’s request to withdraw admissions. Based upon the deemed-admitted responses, the court found that there were no genuine issues of material fact concerning liability and that Wal-Mart was entitled to a judgment as a matter of law.
Discussion
I. Requests for Admissions
¶ 7. Rule 36 governs requests for admissions. Its purpose is to narrow and define issues for trial by determining which facts are not in dispute. Haley v. Harbin, 933 So.2d 261, 262 (Miss.2005) (citing Joseph L. v. Conn. Dep’t of Children & Families, 225 F.R.D. 400, 402 (D.Conn.2005); DeBlanc v. Stancil, 814 So.2d 796, 801-02 (¶ 26) (Miss.2002)). Rule 36(a) provides in pertinent part that a “matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter[.]”
¶ 8. Under Rule 36(b), the trial court has the discretion to allow withdrawal of the deemed-admitted requests. The rule states that “the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.” M.R.C.P. 36(b). So “[wjhile [Rule] 36 provides a harsh penalty for the failure to comply, a trial court is still given great discretion when determining whether it will allow the untimely answers to requests for admissions.” Triangle Constr. Co. v. Foshee Constr. Co., 976 So.2d 978, 981 (¶ 7) (Miss.Ct.App.2008) (citing Earwood v. Reeves, 798 So.2d 508, 515 (¶ 22) (Miss.2001)).
*402 ¶ 9. Among the discovery propounded to Rainer were the following requests for admissions:
6. Admit that [Wal-Mart] had probable cause to institute judicial proceedings against [Rainer].
7. Admit that [Wal-Mart] made no false statements concerning [Rain-er].
8. Admit that any statements made by [Wal-Mart] about [Rainer] in connection with the matters described in the Complaint were privileged in nature because they were made to police and/or other law enforcement in connection with an ongoing investigation.
9. Admit [Rainer] has no evidence that [Wal-Mart] published false statements (either verbally or in writing) to any third party other than those involved with the investigation of the matters alleged in [Rainer’s] Complaint.
10. Admit that [Wal-Mart] [is] not liable for any injury allegedly sustained by [Rainer].
11. Admit that the actions of [Rainer] were the sole proximate cause of any injury to [Rainer].
Other requests asked Rainer to admit that she had obtained a refund on the two video-game consoles knowing that the refund exceeded the amount allowed by Wal-Mart’s policies.
¶ 10. On appeal, Rainer argues the trial court should have granted her motion to withdraw the deemed-admitted responses. She claims that because her attorney did not receive the propounded discovery, she had no opportunity to respond to Wal-Mart’s discovery requests. We addressed a similar argument in Langley v. Miles, 956 So.2d 970 (Miss.Ct.App.2006).
¶ 11. In Langley, the plaintiffs counsel failed to respond to the defendant’s requests for admissions because he was undergoing treatment for cancer. Id. at 972 (¶ 5). We recognized plaintiffs counsel’s medical treatment reasonably prevented him from responding to the requests. Id. at 975 (¶ 15). But we found that even after plaintiffs counsel returned to work, more than thirty days elapsed before he responded to the outstanding discovery requests. Id. Because plaintiffs counsel offered no valid reason for his continued failure to respond, we found that the plaintiff could not withdraw the deemed-admitted responses and that summary judgment was proper. Id.
¶ 12. Similarly, Rainer’s counsel offered a reasonable explanation for his initial failure to respond — not receiving Wal-Mart’s requests for admissions. But he gave no justifiable explanation for his continued failure to respond after receipt of Wal-Mart’s good-faith letter. Upon receipt of Wal-Mart’s letter, counsel had a duty to follow up with Wal-Mart or the trial court about the outstanding discovery. However, he failed to do so. And the trial judge was not swayed by his reasons given for not following up with Wal-Mart or the court. Thus, we find it was within the trial judge’s discretion to deny Rainer’s request to withdraw the deemed-admitted responses.
II. Summary Judgment
¶ 13. The trial court found all issues of liability were conclusively established by the deemed-admitted responses and granted summary judgment in Wal-Mart’s favor.
¶ 14. Mississippi Rule of Civil Procedure 56(c) instructs that summary judgment “shall be rendered ... if the pleadings, depositions, answers to interrogatories and admissions on file, togeth *403 er with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” To withstand summary judgment, the nonmoving party must produce significant probative evidence of a genuine issue for trial. Borne v. Dunlop Tire Corp., 12 So.3d 565, 570 (¶ 16) (Miss.Ct.App.2009) (citing Price v. Purdue Pharm. Co., 920 So.2d 479, 485 (¶ 16) (Miss.2006)).
¶ 15. This court reviews grants of summary judgment de novo. Conrod v. Holder, 825 So.2d 16, 18 (¶ 7) (Miss.2002). In conducting our de novo review, we view the evidence in the light most favorable to the party against whom the motion for summary judgment has been made. Leslie v. City of Biloxi, 758 So.2d 430, 431 (¶ 5) (Miss.2000) (citation omitted).

A.Defamation

¶ 16. To prove defamation, Rainer must demonstrate the following elements:
(a) [A] false statement that has the capacity to injure the plaintiffs reputation;
(b) [A]n unprivileged publication, i.e., communication to a third party;
(c) [NJegligence or greater fault on [the] part of [the] publisher; and
(d) “[E]ither actionability of [the] statement irrespective of special harm or [the] existence of special harm caused by publication.”
Speed v. Scott, 787 So.2d 626, 631 (¶ 21) (Miss.2001) (quoting Franklin v. Thompson, 722 So.2d 688, 692 (¶ 12) (Miss.1998)).
¶ 17. The deemed-admitted responses conclusively established: (1) Wal-Mart made no false statements about Rainer; (2) any statements made by Wal-Mart about Rainer in connection with the matters described in the complaint were privileged because they were made to police during the course of an ongoing investigation; (3) Rainer had no evidence that Wal-Mart had published false statements; (4) Wal-Mart was not liable for any injury sustained by Rainer; and (5) Rainer’s actions were the sole proximate cause of any alleged injury she sustained. In light of the deemed-admitted responses, Rainer could not establish the requisite elements of defamation. Therefore, summary judgment was proper on this claim.

B. Malicious Prosecution

¶ 18. To prevail on her claim of malicious prosecution, Rainer had to show by a preponderance of the evidence:
(1) [T]he institution of a proceeding; (2) by, or at the insistence of the defendant; (3) the termination of such proceeding in the plaintiffs favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceeding; and (6)the suffering of the injury or damage as a result of the prosecution.
Perkins v. Wal-Mart Stores, Inc., 46 So.3d 839, 844 (¶ 10) (Miss.Ct.App.2010) (citations omitted). Because Rainer admitted, among other things, that Wal-Mart had probable cause for the underlying criminal proceeding, the court properly granted summary judgment on this claim.

C. Intentional Inñiction of Emotional Distress

¶ 19. A claim of intentional infliction of emotional distress requires that
1. The defendant acted willfully or ■ wantonly towards the plaintiff by [committing certain described actions];
2. The defendant’s acts are ones “which evoke outrage or revulsion in civilized society”;
*404 3. The acts were “directed at or intended to cause harm to” the plaintiff;
4. The plaintiff “suffered severe emotional distress as a direct result of the [acts] of the defendant; and”
5. “Such resulting emotional distress was foreseeable from the intentional [acts] of the defendant.”
J.R. ex rel. R.R. v. Malley, 62 So.3d 902, 906-07 (¶ 15) (Miss.2011) (quoting Miss. Practice Model Jury Instr. Civil § 21:1 (2010)). As discussed, Rainer’s deemed-admitted responses conclusively established that Wal-Mart had probable cause to institute the underlying criminal proceeding against Rainer. And thus, Wal-Mart did not act in such a way to evoke outrage or revulsion in civilized society. So the trial court properly granted summary judgment to Wal-Mart on this claim.

D. Negligence and Gross Negligence

¶ 20. Where a plaintiffs negligence claims are inextricably intertwined with his or her malicious-prosecution claim, as they are here, the negligence claims cannot survive if the malicious-prosecution claim is not viable. See McGuffie v. Herrington, 966 So.2d 1274, 1278 (¶ 10) (Miss.Ct.App.2007). Because Wal-Mart is entitled to summary judgment on Rainer’s malicious-prosecution claim, it is likewise entitled to summary judgment on Rainer’s claims of negligence and gross negligence.
Conclusion
¶ 21. Based on the deemed-admitted responses, the trial judge’s decision to grant summary judgment in Wal-Mart’s favor on all claims was proper.
¶ 22. THE JUDGMENT OF THE SIMPSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.