# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01644-COA

**MARY CARNATHAN, AS WRONGFUL DEATH BENEFICIARY OF JOE CARNATHAN, DECEASED**                    **APPELLANT**

**v.**

**DR. WILLIAM BRYAN ROGERS, JOSEPH BAILEY, III, M.D. AND WOODROW WILSON BRAND, III, M.D.**                    **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/17/2015 |
| TRIAL JUDGE: | HON. JAMES LAMAR ROBERTS JR. |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES DAVID MOORE |
| ATTORNEYS FOR APPELLEES: | J. GORDON FLOWERS |
| | DAVID W. UPCHURCH |
| | JOHN G. WHEELER |
| | LAUREN OAKS LAWHORN |
| | JOHN MARK MCINTOSH |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| TRIAL COURT DISPOSITION: | GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEES/DEFENDANTS |
| DISPOSITION: | AFFIRMED: 02/28/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND CARLTON, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.    This appeal arises from a medical-malpractice suit filed on behalf of the deceased, Joe Carnathan.  The circuit court granted summary judgment in favor of the defendants due to Mary Carnathan's failure to properly designate an expert witness and supply an expert affidavit.  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On December 26, 2013, Carnathan filed a wrongful-death medical-malpractice claim against Dr. William Bryan Rogers, Dr. Joseph Bailey III, Dr. Woodrow Wilson Brand III, Surgery Clinic of Amory, Gilmore Memorial Hospital d/b/a Gilmore Memorial Regional Medical Center, John Does 1-5, and ABC Corporations 6-10.[1]  On April 2, 2014, Carnathan attempted to serve Gilmore Memorial Hospital with process, but was informed that the proper legal entity was Amory HMA LLC.

¶3.     Carnathan did not serve Amory HMA with process, but instead filed a motion to amend her complaint to add Amory HMA as a proper party on May 27, 2014.  In this motion, Carnathan also requested to extend the discovery deadline.  None of the joined defendants objected to Carnathan's motion.  Carnathan, however, failed to notice the motion for a hearing and did not pursue the motion further.

¶4.     On November 19, 2014, Dr. Bailey filed a motion for summary judgment.  He asserted that Carnathan had failed to designate an expert witness to establish her prima facie case of medical negligence.  Carnathan responded to the motion on December 22, 2014, but did not designate an expert witness.  On February 18, 2015, Dr. Rogers filed a motion for summary judgment and made the same argument as Dr. Bailey.

¶5.     On March 23, 2015, Dr. Brand filed a motion for summary judgment that mirrored the motions of Drs. Bailey and Rogers.  On April 17, 2015, the circuit court ordered Carnathan to respond to Dr. Rogers's and Dr. Brand's motions for summary judgment.  Carnathan

_____

[1] The only defendants that are parties in this appeal are Dr. Rogers, Dr. Bailey, and Dr. Brand.

complied with the circuit court's order, but again failed to designate an expert witness.

¶6.    The circuit court held a hearing on the motions for summary judgment on June 19, 2015. An order that granted the motions for summary judgment was entered on October 2, 2015. Carnathan now appeals.

## STANDARD OF REVIEW

¶7.    The grant of a motion for summary judgment is reviewed de novo. *Karpinsky v. Am. Nat'l Ins.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013). Under this standard, we view the evidence "in the light most favorable to the party against whom the motion has been made." *Id.* The *Karpinsky* court further held:

> Summary judgment is appropriate and shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law. Importantly, the party opposing summary judgment may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in [Mississippi Rule of Civil Procedure 56], must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be entered against him.
>
> This Court has explained that in a summary judgment hearing, the burden of producing evidence in support of, or in opposition to, the motion is a function of Mississippi rules regarding the burden of proof at trial on the issues in question. The movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to [a] judgment as a matter of law. The movant bears the burden of production if, at trial, he would bear the burden of proof on the issue raised. In other words, the movant only bears the burden of production where [the movant] would bear the burden of proof at trial. Furthermore, summary judgment is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial.

*Id.* at 88-89 (¶¶10-11) (internal quotation marks and citations omitted).

3

ANALYSIS

¶8.     Carnathan argues that the circuit court erred when it granted summary judgment to the defendants in contradiction of Mississippi Rules of Civil Procedure 15(a) and 19 and Rule 4.04 of the Uniform Rules of Circuit and County Court.  Carnathan asserts that the circuit court should have allowed her to amend her complaint and join Amory HMA as a proper party before ruling on the defendants' motions for summary judgment.  Further, Carnathan contends that according to Uniform Rule of Circuit and County Court 4.04, she had until sixty days prior to trial to designate an expert witness, and the grant of summary judgment was premature.

¶9.     This Court has held that in a medical-malpractice claim, "expert testimony must be used." *Posey v. Burrow*, 93 So. 3d 905, 907 (¶8) (Miss. Ct. App. 2012) (quoting *Barner v. Gorman*, 605 So. 2d 805, 809 (Miss. 1992)).  Further, "[n]ot only must this expert identify and articulate the requisite standard that was not complied with, the expert must also establish that the failure was the proximate cause, or proximate contributing cause, of the alleged injuries." *Id.* (citation omitted).

¶10.    This Court has further held that "[u]nless the matter is within the common knowledge of laypersons, to establish a prima facie case of medical negligence against a physician, a plaintiff must present competent expert testimony as to the applicable standard of care, breach, and proximate causation." *Langley ex rel. Langley v. Miles*, 956 So. 2d 970, 976 (¶17) (Miss. Ct. App. 2006) (citing *Phillips ex rel. Phillips v. Hull*, 516 So. 2d 488, 491 (Miss. 1987) (overruled on other grounds)).

4

¶11. At all stages of pretrial, Carnathan failed to present any witness designation or affidavit in support of her prima facie case. Without an expert witness, Carnathan could not present evidence of the standard of care for any of the three physicians and therefore cannot "survive summary judgment." *Johnson v. Pace*, 122 So. 3d 66, 68 (¶8) (Miss. 2013) (citing *Smith v. Gilmore Mem'l Hosp., Inc.*, 952 So. 2d 177, 180 (Miss. 2007)).

¶12. Further, Carnathan's failure to designate an expert witness, prior to the hearing for summary judgment, overshadows her contention that the trial court's mere consideration of summary judgment was premature.[2] The supreme court has held that "[a] party against whom a claim is asserted may, at any time, move . . . for a summary judgment in his favor . . . ." *Id.* (citing M.R.C.P. 56(b)). Carnathan's reliance on Uniform Rule of Circuit and County Court 4.04(A) to support the argument that she was not yet required to designate an expert witness because she had until sixty days prior to the trial is a mischaracterization of the rule.

¶13. Rule 4.04(A) of the Uniform Circuit and County Court Rules provides:

> All discovery must be completed within ninety days from service of the answer by the applicable defendant. Additional discovery time may be allowed with leave of court upon written motion setting forth good cause for the extension. Absent special circumstances the court will not allow the testimony at trial of an expert witness who was not designated as an expert witness to all attorneys of record at least sixty days before trial.

¶14. There is no authority to support Carnathan's position that "the circuit court should have granted her motion for leave to amend her complaint and a scheduling order prior to

_____

[2] Pursuant to Rule 56(c), an adverse party may serve affidavits until the day prior to the hearing.

5

considering the physicians' motions for summary judgment." Carnathan seems to assert an argument that the circuit-court judge abused his discretion, but the appropriate standard of review for summary judgment is de novo, not abuse of discretion. The supreme court has held that "[i]n the absence of any expert testimony to support [a] claim [the movant] was entitled to judgment as a matter of law." *Johnson*, 122 So. 3d at 70 (¶12). As such, the circuit-court judge did not abuse his discretion by merely considering the motions for summary judgment while Carnathan's request to amend her complaint was pending. Further, there was no abuse of discretion in granting the motions for summary judgment, as the moving parties were entitled to judgment as a matter of law.

¶15. Carnathan's failure to provide any expert witness or affidavits, prior to the hearing for summary judgment, was "fatal to her [medical]-malpractice claim" against the physicians. *Cates v. Woods,* 169 So. 3d 902, 910 (¶25) (Miss. Ct. App. 2014). We cannot find that there is a genuine issue of material fact; thus, summary judgment in favor of the physicians was proper. Carnathan's assertion that the circuit-court judge abused his discretion by considering the motions for summary judgment is without merit.

¶16. **THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., ISHEE, CARLTON, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. BARNES AND FAIR, JJ., NOT PARTICIPATING.**