976 So.2d 978 (2008)
TRIANGLE CONSTRUCTION COMPANY, INC., Appellant
v.
FOSHEE CONSTRUCTION COMPANY, INC., Appellee.
No. 2007-CA-00233-COA.
Court of Appeals of Mississippi.
March 11, 2008.
Anselm J. McLaurin, Brandon, attorney for appellant.
Richard D. Mitchell, attorney for appellee.
EN BANC.
MYERS, P.J., for the Court.
¶ 1. Triangle Construction Company, Inc. (Triangle), the subcontractor, filed suit in the Circuit Court of Hinds County against Foshee Construction Company, Inc. (Foshee), the general contractor, on *980 March 3, 2005, alleging nonpayment for several different work projects. After several delays during which attempts were made to settle the matter before trial, Foshee propounded discovery requests to Triangle on April 12, 2006, which included a set of requests for admissions. Responses were due on May 15, 2006; however, Triangle failed to prepare responses timely to the requests for admissions. On June 5, 2006, Foshee requested the trial court enter an order acknowledging Triangle's failure to respond as an admission to the matters set forth in its request for admissions. Foshee, in the same motion, requested a grant of summary judgment. Triangle responded by moving to withdraw the deemed admitted requests for admissions and also filing its answer to the requests for admissions. But, the trial court granted Foshee's summary judgment motion and dismissed Triangle's complaint. The trial court found that the late responses to the requests for admissions caused substantial prejudice to Foshee and further found no justifiable excuse for Triangle's late response. Finding no error in the judgment of the trial court, we affirm.

STANDARD OF REVIEW
¶ 2. Decisions made by the trial court regarding discovery will be examined by an appellate court under an abuse of discretion standard. Prime Rx, LLC v. McKendree, Inc., 917 So.2d 791, 794(¶ 7) (Miss.2005) (citing DeBlanc v. Stancil, 814 So.2d 796, 798(¶ 11) (Miss.2002)). Additionally, a trial judge will be granted great discretion with regard to whether it will take certain matters as admitted. Earwood v. Reeves, 798 So.2d 508, 514(¶ 19) (Miss.2001). However, we review a trial court's grant of summary judgment under a de novo standard. Prime Rx, LLC, 917 So.2d at 794(¶ 7). "Summary judgment may only be granted where there are no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law." Cole v. Buckner, 819 So.2d 527, 530(¶ 6) (Miss.2002). Further, the evidence must be viewed in a light most favorable to the non-moving party. Id.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 3. Triangle filed a complaint against Foshee on March 3, 2005. Triangle alleged in its complaint that Foshee failed to pay Triangle for work previously performed on several different projects. Count I claimed Foshee's failure to pay $15,113.40 for the Van Winkle School project; Count II claimed Foshee's failure to pay $38,503.50 on the Oakdale Elementary project; Count III claimed Foshee's failure to pay $41,648 on the Pinelake Baptist Church project; Count IV claimed Foshee's failure to pay $8,475.25 on the Madison Wal-Mart project; Count V claimed Foshee's failure to pay $3,970 on the Johnson Controls project; and Count VI sought an award of attorneys' fees and costs in collecting sums from Foshee.
¶ 4. Foshee answered the complaint on March 31, 2005, and claimed that Triangle failed to complete all of the work set forth in the original complaint. Foshee subsequently made a total payment of $20,384.40. Triangle, in response, filed an amended complaint on August 15, 2005, recognizing those payments made by Foshee. Foshee timely answered the amended complaint, setting forth the same defenses enumerated in its original answer.
¶ 5. During the subsequent months, attempts were made to settle the dispute between the parties. Both parties agreed to delay answering discovery requests sent by Triangle during this time in order to *981 further facilitate settlement negotiations. However, no settlement was reached and the parties agreed to proceed with discovery. On April 12, 2006, Foshee propounded interrogatories, requests for production of documents, and requests for admissions. However, Triangle failed to answer timely. As a result, Foshee filed a motion for summary judgment on June 5, 2006, arguing that no genuine issue of material fact existed since Triangle failed to respond to the requests for admissions, thereby resulting in those requests being deemed admitted. Subsequently, on June 19, 2006, Triangle sought to withdraw the admissions and additionally responded to the requests for admissions. Nevertheless, the trial court granted Foshee's motion for summary judgment, and this appeal followed.

DISCUSSION
I. WHETHER THE TRIAL COURT ERRED IN DEEMING THE REQUESTS FOR ADMISSIONS ADMITTED FOR FAILURE TO TIMELY RESPOND AND GRANTING SUMMARY JUDGMENT IN FAVOR OF FOSHEE.
¶ 6. A party is allowed thirty days from the date of service to answer requests for admissions under Mississippi Rule of Civil Procedure 36(a). Mississippi Rule of Civil Procedure 6(e) provides that an additional three days is afforded when the requests for admissions are served through the mail. More importantly, under Mississippi Rule of Civil Procedure 36(b), a matter is conclusively established as admitted:
unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. . . .
¶ 7. However, Mississippi Rule of Civil Procedure 36(b) does provide the trial court with discretion to allow withdrawal of the deemed admitted requests for admissions, stating: "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." "Mechanisms exist whereby a trial court may hold that an untimely response does not constitute a deemed admission because the trial court has broad discretion in pretrial matters." Earwood, 798 So.2d at 516(¶ 26). "However, because of the trial court's broad discretion in such matters, it certainly may also require that parties comply with the rules as stated." Id. (the trial court did not abuse its discretion in determining there was no compelling reason to allow disrespect of Rule 36 regarding the set time for responding to requests for admissions). While Mississippi Rule of Civil Procedure 36 provides a harsh penalty for the failure to comply, a trial court is still given great discretion when determining whether it will allow the untimely answers to requests for admissions. Id. at 515 (¶ 22).
¶ 8. Here, we find that the trial court properly used its discretion to deny Triangle's request to withdraw the deemed admitted requests for admissions. The trial court granted Foshee's motion for summary judgment, noting that Triangle had waited to file its responses to the requests for admissions and its motion to withdraw the deemed admitted requests for admissions until after Foshee had moved for summary judgment. The trial court further opined that it appeared that *982 Triangle's late responses seemed to have been produced with the intent to circumvent the effects of summary judgment. Further, the trial court considered Rule 36, applied the rule to the case, and determined that Foshee would be prejudiced if the admissions were allowed to be withdrawn; therefore, the trial court granted summary judgment in favor of Foshee.
¶ 9. "On review, the court is likely to affirm the trial court's enforcement of Rule 36 according to its terms if no justifiable excuse or explanation was offered for the default." Langley v. Miles, 956 So.2d 970, 973(¶ 9) (Miss.Ct.App.2006). Here, the attorney for Triangle stated his reasons for the delay in answering the admissions, which included: ordinary conflicts for a busy attorney, the graduation of counsel's only child, and his sole responsibility in arranging a family law seminar as chairman of the family law section.
¶ 10. In Langley, the attorney for Langley failed to answer the request for admissions timely, which the trial court later deemed admitted on the motion filed by Miles. Id. at 974(¶ 11). The requests for admissions were served on Langley's counsel on May 16, 2003. Id. Langley filed no response, and on September 11, 2003, the defendants filed a motion to deem the requests for admissions admitted. Id. at 971 (¶ 4). The trial court granted the motion, but on October 9, 2003, Langley's counsel filed responses to all discovery propounded by the opposing counsel. Id. at 972(¶ 4). Langley's counsel then filed a motion to withdraw the deemed admitted requests for admissions on October 15, 2003. Id. at 972(¶ 5). Counsel explained that from May 13, 2003, until July 1, 2003, he had undergone surgery and treatment for melanoma. Id. Counsel further explained that he had not returned to work until late July. Id. Counsel also explained that the paralegal handling the discovery responses for that particular case had subsequently left his office and neglected to alert him of the need to address the requests for admissions. Id.
¶ 11. This Court in Langley found that, although the cancer treatment was an excusable delay, "the trial court was within its discretion in also considering counsel's neglect of the situation after his illness had resolved and he had returned to work." Id. at 975 (¶ 14). Additionally, "Langley's counsel did nothing concerning the requests for admissions until after the defendants had served their motion to deem the requests admitted and for summary judgment." Id. at 975 (¶ 15). This Court concluded in Langley, that "[b]ased on [the deemed admitted requests for] admissions . . . there was no genuine issue of material fact for trial and that the defendants were entitled to summary judgment." Id. at 972 (¶ 6).
¶ 12. Similar to the facts of the instant case, in Langley no response was elicited until after the motion to deem the requests for admissions admitted was filed. This Court in Langley went on to state that:
When a party is in default under Rule 36(a), the trial court and the requesting party should not have to wait indefinitely for the defaulter to serve the responses, to file a motion for an extension of time pursuant to Rule 6(b)(2), to file a Rule 36(b) motion to withdraw, or to take other action to attempt to rectify the default.
Id. at 975(¶ 14).
¶ 13. Here, Foshee filed a motion for summary judgment on June 5, 2006, and Triangle filed a motion to withdraw the deemed admitted requests for admissions on June 19, 2006. This Court in Langley noted that, although the result was harsh, the broad power given to the trial court to regulate discovery made the decision to deny the request to withdraw the deemed admitted requests for admissions well *983 within the trial court's discretion. Id. at 975(¶ 15). We find no abuse of the trial court's discretion.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY GRANTING SUMMARY JUDGMENT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. LEE, P.J., NOT PARTICIPATING.