# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00433-COA

CURTIS HAWKINS                                                                                    APPELLANT

v.

DANIEL HALE                                                                                          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 01/28/2015 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH III |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT G. JOHNSTON |
| | CHERYL ANN WEBSTER |
| ATTORNEY FOR APPELLEE: | WILLIAM O. LUCKETT JR. |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | SUMMARY JUDGMENT GRANTED IN FAVOR OF APPELLEE |
| DISPOSITION: | AFFIRMED - 02/16/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### EN BANC.

### JAMES, J., FOR THE COURT:

¶1.     Curtis Hawkins appeals from an order affirming the grant of summary judgment in favor of Daniel Hale. The County Court of Coahoma County granted summary judgment, in part, based on deemed admissions by Hale. The Circuit Court of Coahoma County affirmed the county court's order granting summary judgment. Finding no error, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2.     On April 17, 2013, Hale's dog, a Labrador Retriever, escaped from chain restraints in Hale's backyard and ran toward Hawkins and his wife (the Hawkinses) while they were

in the street in front of Hale's house. The dog stopped a few feet short of the Hawkinses and barked aggressively at them. Hale's neighbor, Daniel Blackwell, who was in his yard at the time, had observed the Hawkinses yelling and provoking the dog before it ran toward them. Blackwell intervened, retrieved the dog, and brought it to Hale's backyard. Two to five minutes later, the dog returned and bit Hawkins on the leg while he was still in the street. Again, Blackwell intervened, retrieved the dog, and returned it to Hale's backyard. Blackwell then first notified Hale about the attack and bite. The dog was then chained in Hale's backyard. On June 14, 2013, Hawkins filed a personal-injury lawsuit against Hale, seeking damages for injuries sustained as a result of the dog bite.

¶3. On October 2, 2013, Hale served both of Hawkins's attorneys, Cheryl Ann Webster and Robert G. Johnston, with requests for admissions, interrogatories, and requests for production. The requests for admissions went unanswered for nearly three months. On December 5, 2013, Hale filed a motion for summary judgment. On December 30, 2013, while preparing a response to the summary-judgment motion, Hawkins's attorneys realized their failure to respond to the requests for admissions. Johnston searched and located the requests for admissions in his office. He stated that the requests had been "inadvertently mis-filed and mis-laid" in his office. On December 31, 2013, Hawkins mailed a motion for leave to file late responses to the requests for admissions and to withdraw deemed admissions. The motion also included responses to the requests for admissions. The motion was filed on January 3, 2014.

¶4. A hearing was held on the respective motions on January 27, 2014. Webster never

offered any explanation whatsoever as to why she failed to respond to the requests for admissions. The county court denied Hawkins's motion for leave and granted summary judgment in favor of Hale. Hawkins filed a motion for reconsideration, which was denied. Hawkins appealed and the circuit court affirmed.

¶5. Hawkins now appeals to this Court arguing that (1) the trial court abused its discretion in denying his motion for leave to file untimely responses to Hale's requests for admissions, and (2) the trial court erred by granting summary judgment. Finding no error, we affirm.

## DISCUSSION

### I. Requests for Admissions

¶6. Requests for admissions are governed by Mississippi Rule of Civil Procedure 36. The purpose of Rule 36 "is to narrow and define issues for trial by determining which facts are not in dispute." *Rainer v. Wal-Mart Assocs. Inc.*, 119 So. 3d 398, 401 (¶7) (Miss. Ct. App. 2013). Mississippi Rule of Civil Procedure 36(a) provides, in part:

> The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter[.]

¶7. Rule 36(b) provides that "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." M.R.C.P. 36(b). "So while Rule 36 provides a harsh penalty for the failure to comply, a trial court is still given great discretion when determining whether it will allow the untimely answers to requests for admissions."

3

*Rainer*, 119 So. 3d at 401 (¶8) (citing *Triangle Constr. Co. v. Foshee Constr. Co.,* 976 So. 2d 978, 981 (¶7) (Miss. Ct. App. 2008)).

¶8.     The county court found that Johnston's excuse that the requests had been "inadvertently mis-filed and mis-laid" in his office failed to rise to a compelling and justifiable excuse for not timely responding.  The county court also found that Hawkins's other attorney, Webster, failed to give any excuse whatsoever as why she did not timely respond.  The county court also determined that Hale would be prejudiced if the deemed admissions were allowed to be withdrawn and amended.  Although Hawkins identified the county court's denial of his request to withdraw the deemed admissions as one of the issues of this appeal, he made no argument in his brief regarding the reason for his untimely response to Hale's requests for admissions.  In response to Hale's brief, which noted this absence, Hawkins simply stated that he was "not seriously arguing this on appeal and did not seriously argue it on the [m]otion for [s]ummary judgment in the [c]ounty [c]ourt."

¶9.     We find the county court did not abuse its discretion in denying Hawkins's motion to withdraw the deemed-admitted responses. *See Triangle Constr.*, 976 So. 2d at 982-83 (¶¶9, 13) (affirming the trial court's denial of a request to withdraw deemed admissions where defaulting counsel's reason for his delay included ordinary conflicts of a busy attorney). The circuit court's order affirming the county court's decision to deny Hawkins's motion to withdraw the deemed admissions is affirmed.

## II.     Summary Judgment

¶10.    Hawkins argues that summary judgment should not have been granted because there

are two genuine issues of material fact that should have prevented summary judgment. Specifically, Hawkins argues that there is a disputed fact as to whether Hale had notice of the dangerous propensities of his dog. Hawkins also argues there is a disputed fact as to whether Hale had violated the City of Clarksdale's leash ordinance.

¶11. The review of a trial court's grant of summary judgment is de novo. *Olier v. Bailey*, 164 So. 3d 982, 986 (¶9) (Miss. 2015). The evidence is viewed in the light most favorable to the party against whom the motion has been made. *Id*. If the movant can show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law, then summary judgment is appropriate. *Id*. (citing M.R.C.P. 56(c)).

### A. Dangerous-Propensity Rule

¶12. Mississippi adheres to the dangerous-propensity rule for causes of action based on animal attacks.

> Under the dangerous-propensity rule, this Court has stated that an animal owner may be exposed to liability for an attack by his or her animal when: (1) There is some proof that the animal has exhibited some dangerous propensity or disposition that the owner was aware of prior to the attack complained of; and, (2) There is proof that the owner reasonably should have foreseen that the animal was likely to attack someone.

*Olier*, 164 So. 3d at 990 (¶26) (citing *Poy v. Grayson*, 273 So. 2d 491, 494 (Miss. 1973)).

¶13. Because the county court acted within its discretion in denying Hawkins's motion to withdraw the deemed admissions, we consider the following requests to be admitted and conclusively established:

> REQUEST NO. 2: Please admit that in the months prior to the incident in question, you had been in close proximity to the dog in question.

5

REQUEST NO. 3: Please admit that you have visited [Hale's] home and yard over the past year while the dog was present.

REQUEST NO. 4: Please admit that you and/or your wife provoked the dog in question by yelling and gesturing at him.

REQUEST NO. 6: Please admit that the dog did not attempt to charge or attack anyone other than you and/or your wife.

REQUEST NO. 7: Please admit that during the time between when Daniel Blackwell returned the dog to its yard and when the dog escaped again to allegedly bite you, you had at least five minutes in which you could have fled the scene or otherwise removed yourself to safety.

REQUEST NO. 8: Please admit that you have no proof that the dog in question has ever exhibited viciousness prior [to] the attack which is the subject of this litigation.

¶14. Hawkins admitted that he has no proof that Hale's dog ever exhibited a vicious demeanor prior to the attack, which is fatal to his claim under the dangerous-propensity rule. Hale further corroborates this admission in his affidavit, where he asserts that the dog had never previously bitten or attacked another person or animal. Blackwell, Hale's neighbor who witnessed the whole event, stated in his affidavit that he did not know the dog to act in an aggressive manner and that the dog had never previously bitten or attacked any person or animal.

¶15. Hawkins argues that these deemed admissions, at most, prove his comparative negligence. Hawkins attempts to refute the admissions by claiming that the dog had exhibited viciousness prior to the attack, and Hale could have reasonably foreseen that his dog could attack someone. However, "[a]ny admission that is not amended or withdrawn cannot be rebutted . . . ." *DeBlanc v. Stancil*, 814 So. 2d 796, 801 (¶25) (Miss. 2002). Here,

6

comparative negligence is inapplicable because Hawkins cannot prove negligence under the dangerous-propensity rule. With no proof that the dog exhibited dangerous propensities prior to the attack and no proof that Hale should have foreseen such an attack, Hawkins's claim fails as a matter of law under the dangerous-propensity rule.

¶16. Hawkins argues there is a material disputed fact by claiming that Hale was put on notice of his dog's viciousness. Specifically, Hawkins alleges that Hale was notified about the dog initially charging, but not biting, Hawkins. Again, any admission that is not amended or withdrawn cannot be rebutted. *See id.* Hale admitted that he has no proof that the dog had exhibited viciousness prior to this attack. Moreover, there is no evidence in the record supporting Hawkins's claim that Hale learned of the dog running toward the Hawkinses when Blackwell initially intervened. It is an undisputed fact that Hale first learned of the Hawkinses' encounter with the dog after the dog had actually bitten Hawkins.

¶17. Blackwell observed the Hawkinses provoking the dog by yelling and gesturing at him while he was still in Hale's yard. The dog broke from his chains, ran toward the Hawkinses, and barked aggressively at them. Blackwell intervened, retrieved the dog, and brought him back into Hale's yard. Two to five minutes later, the dog returned and bit Hawkins on the leg. Again, Blackwell retrieved and returned the dog to the backyard. However, this time, the dog was chained when it was returned. At this point, Blackwell first notified Hale of what had transpired. Therefore, Hawkins's argument is without merit.

### B. Clarksdale Leash Law

¶18. Hawkins argues that there was a disputed question of material fact regarding whether

Hale violated the "Clarksdale Leash Law." Hawkins contends that a violation of the ordinance amounts to "strict liability." However, the county court and circuit court, on appeal, found that there was no evidence that Hale had violated the ordinance. We agree.

¶19. At the outset, we note that Hawkins raises arguments for the first time on appeal to this Court that he did not raise in the county court or in his motion for reconsideration filed following the county court entering its order. Specifically, Hawkins argues for the first time that notice was imputed to Hale by way of violating certain portions of the ordinance that he did not mention at the county court level. The Mississippi Supreme Court has held that matters raised for the first time on appeal will not be considered. *Alexander v. Daniel*, 904 So. 2d 172, 183 (¶26) (Miss. 2005). Accordingly, we will only address the arguments raised and specific portions of the ordinance referenced by Hawkins at the trial level.

¶20. The county court found: "Hale was in compliance with any applicable 'leash' laws [because] his dog was in his yard and restrained by a chain." Moreover, the circuit court, in affirming the county court's order, found:

> Under the ordinances referred to, for [Hale] to violate the ordinance, he must knowingly disregard [it] by either keeping or maintaining a violent animal, or allow specific acts to take place to justify a nuisance. Looking to the record, there is no indication that [Hale] violated the ordinance, because the animal did not possess violent tendencies, nor did [Hale] possess the requisite intent to violate the ordinance.

¶21. Hawkins argues that Hale had violated the ordinance because his dog was not controlled on a leash. The record shows that Hale did not cause or allow his dog to run at large in violation of the ordinance. Hale's dog was chained in the backyard prior to approaching the Hawkinses. At some point, in response to the Hawkinses' provocations, the

8

dog broke loose of the chain. Hawkins admitted to the emergency-room physician that he was bitten by a "dog who broke away from restraints." This argument is without merit.

¶22. Hawkins also argues that Hale violated a portion of the ordinance that states in pertinent part: "It shall be unlawful for the owner of any domestic animal to cause or allow the same to run at large in the city or be picketed or tied in any public place; or to allow an animal nuisance . . . for the purpose of grazing or feeding[.]" Clarksdale, Miss. Code of Ordinances pt. 2, ch. 4, § 15(a) (2013). Again, the dog broke loose of restraints in response to provocations by the Hawkinses. Moreover, Hale did not allow an animal nuisance for the purpose of grazing or feeding in violation of the ordinance. Also, the record does not show that the dog was allowed to run at large, or to be picketed or tied in any public place. This argument is also without merit.

¶23. We agree with the county court and circuit court's findings regarding the alleged ordinance violations. Hawkins admitted that he has no proof that the dog exhibited vicious propensities prior to the subject attack. The ordinances referred to by Hawkins were not violated as the dog broke away from restraints, and the dog had not exhibited any violent propensities prior to the attack. Moreover, Hawkins did not allow his dog to run at large in violation of the ordinance. There is no genuine issue of material fact on this issue.

## CONCLUSION

¶24. We find, taking the deemed admissions, along with the depositions, affidavits, and other evidence within the record, that summary judgment was properly granted as there was no genuine issue of material fact. Accordingly, we affirm the circuit court's order affirming

9

the county court's grant of summary judgment in favor of Hale.

¶25.   **THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY IS AFFIRMED.   ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND WILSON, JJ., CONCUR.  GREENLEE, J., NOT PARTICIPATING.**