# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00876-COA

| | |
|---|---|
| PERSEPHANY ALLEN, AS THE NATURAL DAUGHTER AND NEXT FRIEND OF CATINA ALLEN STAFFNEY, DECEASED, AND ON BEHALF OF ALL THE HEIRS AT LAW AND WRONGFUL DEATH BENEFICIARIES OF CATINA ALLEN STAFFNEY, DECEASED, AND AS NEXT FRIEND OF MINORS, T.S. AND T.S. | APPELLANT/CROSS-APPELLEE |

v.

| | |
|---|---|
| JACKSON SQUARE APARTMENT HOMES, LLC D/B/A MELROSE PLACE APARTMENTS AND JUSTIN DAVIS | APPELLEES/CROSS-APPELLANTS |

| | |
|---|---|
| DATE OF JUDGMENT: | 06/06/2016 |
| TRIAL JUDGE: | HON. WILLIAM A. GOWAN JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | JEFFREY MATTHEW GRAVES DENNIS C. SWEET III |
| ATTORNEYS FOR APPELLEES: | DORIS THERESA BOBADILLA MATTHEW MILES WILLIAMS |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED: 12/12/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE GRIFFIS, P.J., CARLTON AND GREENLEE, JJ.

## GRIFFIS, P.J., FOR THE COURT:

¶1. Persephany Allen, as the natural daughter and next friend of Catina Allen Staffney, deceased, filed an action against Jackson Square Apartment Homes, LLC, for negligence following the death of Catina in an apartment fire. The circuit court allowed Allen to withdraw admissions previously deemed admitted, but ultimately granted summary judgment

in favor of Jackson Square.

¶2.    Upon review, we find the circuit court did not abuse its discretion in allowing the withdrawal of the admissions, and did not err in granting summary judgment in favor of Jackson Square. Thus, we affirm.

FACTS AND PROCEDURAL HISTORY

¶3.    Terry Staffney executed a residential lease agreement with Melrose Place Apartments, an apartment complex owned and managed by Jackson Square. Staffney identified himself, Catina, Terry Allen, and Terrick Allen as the occupants of Unit L-205. The lease agreement expired February 28, 2014. Following the expiration of the lease agreement, the occupants remained on the premises despite their failure to pay additional rent. As a result, Jackson Square obtained a money judgment against the occupants in the amount of $639. Thereafter, Jackson Square executed an affidavit for warrant of removal and, on May 6, 2014, deposited the requisite sum of money with the court clerk in order to obtain the removal of the occupants.

¶4.    Despite the expiration of the lease agreement, their failure to pay rent, and Jackson Square's actions to remove them, the occupants were inside the apartment unit on the night of May 16, 2014, when a fire occurred. All of the occupants were able to vacate the unit with the exception of Catina, who unfortunately died. At the time of the fire, an order of removal had not yet been obtained.

¶5.    On August 20, 2015, Allen filed a complaint on behalf of herself and all wrongful-death beneficiaries of Catina, and alleged various premises-liability claims against Jackson

2

Square and Justin Davis, the maintenance man for the apartment complex.[1]  Specifically, Allen alleged that Jackson Square had nonfunctioning or inadequate smoke detectors and fire alarms at the time of the fire, had inadequate and improperly trained maintenance personnel and managers, and knew or should have known that no warnings were provided and that the fire-protection measures in place were unreasonable and inadequate to warn tenants.

¶6.     Jackson Square subsequently served written discovery, including requests for admission, upon Allen and her counsel.  The discovery requests were served to Allen's counsel via email on February 26, 2016, and again at the request of Allen's counsel on February 29, 2016.  Allen did not respond to the requests for admission within thirty days and, as a result, the admissions were deemed admitted by operation of law.

¶7.     On April 12, 2016, Jackson Square's counsel sent a good-faith request to Allen's counsel and requested that Allen provide responses within ten days.  Allen's counsel acknowledged the good-faith request and confirmed that discovery responses would be provided within ten days.

¶8.     Despite the agreed-upon extension, on April 13, 2016, Jackson Square moved for summary judgment based, in part, on Allen's failure to timely respond to the requests for admission.  Thereafter, on April 28, 2016, Allen filed a motion to withdraw the admissions and acknowledged her failure to timely respond to the requests for admission.  Allen asserted her failure to timely respond was due to her attorney being busy and interoffice

---

[1] There is no indication in the record that Davis was served with process.  However, he has not been dismissed.  Davis was not a party to the summary-judgment proceedings and is not included in this appeal.  Final judgment was entered in favor of Jackson Square and certified pursuant to Mississippi Rule of Civil Procedure 54(b).

3

miscommunication. Despite seeking to withdraw her admissions, Allen did not respond to the requests for admission. In fact, Allen did not respond to the requests until May 31, 2016, well after the original due date and less than twenty-four hours prior to the hearing on Jackson Square's motion for summary judgment.

¶9. Additionally, Allen failed to provide any affidavits or documentation in opposition to the motion for summary judgment. Moreover, Allen failed to submit an affidavit pursuant to Mississippi Rule of Civil Procedure 56(f).

¶10. During the hearing on the motion for summary judgment, Allen's counsel explained that he believed the ten-day agreed-upon extension to respond to discovery included the requests for admission. In response, Jackson Square's counsel acknowledged that he had not communicated to Allen's counsel that the extension did not include the requests for admission since Jackson Square did not have the authority to give such an extension on requests for admission. Allen's counsel advised that in an effort to avoid additional time and expense, he did not conduct further discovery without the circuit court's ruling on the motion to withdraw admissions.

¶11. Following the hearing, the circuit court found that Allen's counsel rightfully believed the extension included the requests for admission, and therefore allowed Allen to withdraw all of the admissions with the exception of two, which were never answered due to "oversight." However, the circuit court found Allen failed to set forth specific facts showing that there was a genuine issue for trial and, as a result, granted summary judgment in favor of Jackson Square.

4

¶12. Allen now appeals and argues the circuit court erroneously granted summary judgment. Jackson Square also appeals and argues the circuit court abused its discretion in withdrawing the admissions.

ANALYSIS

I. *Whether the circuit court erred in allowing the withdrawal of the admissions.*

¶13. We first address Jackson Square's argument that the circuit court abused its discretion in allowing Allen to withdraw her admissions. "A [circuit] court's decisions concerning discovery matters are reviewed for an abuse of discretion." *Prime Rx, LLC v. McKendree, Inc.,* 917 So. 2d 791, 794 (¶7) (Miss. 2005) (citing *DeBlanc v. Stancil,* 814 So. 2d 796, 798 (¶11) (Miss. 2002)). "A certain amount of discretion is vested in the trial judge with respect to whether he or she will take matters as admitted." *Earwood v. Reeves,* 798 So. 2d 508, 514 (¶19) (Miss. 2001).

¶14. Mississippi Rule of Civil Procedure 36(a) provides that a request for admission is deemed admitted unless, within thirty days of service, the recipient serves an answer or objection to the request. M.R.C.P. 36(a). "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." M.R.C.P. 36(b).

¶15. The circuit court may permit withdrawal or amendment when: (1) "the presentation of the merits of the action will be subserved thereby," and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." *Id*. The circuit court must "carefully

5

examine a Rule 36(b) motion under [this] two-prong test." *Deblanc*, 814 So. 2d at 802 (¶26). However, "[e]ven when these two factors are established, a [circuit] court still has discretion to deny a request for leave to withdraw or amend an admission." *Carney v. IRS*, 258 F.3d 415, 419 (5th Cir. 2001).

¶16. Here, Jackson Square argues Allen did not provide a justifiable excuse for her failure to timely respond to the requests for admission. However, Allen asserts that nothing in Rule 36(b) requires a court to find a justifiable excuse for failure to timely respond. We hesitate to agree with this assertion given the number of cases decided by this Court that hold that a motion to withdraw admissions was properly denied where there was no justifiable excuse for the untimely responses.[2] Nevertheless, the circuit court found that Allen's counsel rightfully believed there was an agreed-upon extension to answer the requests for admission. We do not find such a finding to be an abuse of discretion. Allen's mistaken belief that the agreed-upon extension included the requests for admission was likely justifiable considering Jackson Square's acknowledgment that it did not clearly communicate otherwise.

¶17. In support of its argument, Jackson Square relies on the various cases mentioned in footnote two. However, these cases can easily be distinguished from the present case, as they did not involve any claim that a party mistakenly believed opposing counsel had agreed to an extension regarding pretrial-discovery matters.

¶18. In *Sanford v. Dudley,* 196 So. 3d 1106, 1115 (¶27) (Miss. Ct. App. 2016), a case

---

[2] *See*, *e.g.*, *Hawkins v. Hale*, 185 So. 3d 1076 (Miss. Ct. App. 2016); *Rainer v. Wal-Mart Assocs.,* 119 So. 3d 398 (Miss. Ct. App. 2013); *Boyd v. Boyd*, 83 So. 3d 409 (Miss. Ct. App. 2011); *Triangle Constr. Co. v. Foshee Constr. Co.*, 976 So. 2d 978 (Miss. Ct. App. 2008); *Langley ex rel. Langley v. Miles*, 956 So. 2d 970 (Miss. Ct. App. 2006).

similar to one before us, we reversed the circuit court's denial of the plaintiff's motion to withdraw admissions. In *Sanford*, Sanford did not take corrective action until the Dudleys moved for summary judgment, since the motion for summary judgment was Sanford's first notice that he mistakenly believed opposing counsel had agreed to an extension. *Id.* at 1108 (¶6). This is parallel to our case.

¶19. Here, Jackson Square's counsel sent a good-faith request for Allen to respond to discovery. Allen accepted this request and notified Jackson Square that the answers would be served within ten days. However, the next day, Jackson Square moved for summary judgment based, in part, on the admissions. As in *Sanford*, the motion for summary judgment was Allen's counsel's first notice that he had mistakenly believed opposing counsel had agreed to an extension regarding the requests for admission. The circuit court noted that it was "hard to hold [Allen's counsel] to what his understanding was when [Jackson Square's counsel] didn't fully communicate what [Jackson Square]'s intent was in the extension."

¶20. Jackson Square argues that *Sanford* is distinguishable because the plaintiff in that case immediately took corrective action following the motion for summary judgment by moving to withdraw the admissions and serving responses to the requests for admission. However, the discrepancy between the present case and *Sanford* regarding the time it took for the plaintiff to file a motion to withdraw the admissions was not substantial.[3] We will not intervene with the circuit court's broad discretion in this matter.

[3] In *Sanford*, the plaintiff moved to withdraw the admissions eight days after the defendant moved for summary judgment. *Sanford*, 196 So. 3d at 1114 (¶24). Here, Allen moved to withdraw the admissions fifteen days after Jackson Square moved for summary judgment.

7

¶21. Rule 36 "is not intended to be applied in Draconian fashion." *Deblanc*, 814 So. 2d at 801 (¶26). Although "the Rule may sometimes seem harsh in its application, the harshness may be ameliorated by the [circuit] court's power to grant amendments or withdrawals of admissions in proper circumstances." *Id*. at 801-02 (¶26).

¶22. Based on the facts of this case, we find that the presentation of the merits of the action would be subserved by allowing Allen to withdraw her admissions and that the withdrawal of the admissions would not prejudice Jackson Square.[4] *See* M.R.C.P. 36(b). Accordingly, we find no abuse of discretion by the circuit court in allowing Allen to withdraw her admissions. We therefore affirm as to this issue.

> II. *Whether the circuit court erred in granting summary judgment in favor of Jackson Square.*

¶23. We next address Allen's argument that the circuit court erred in granting summary judgment. "We review the grant or denial of a motion for summary judgment de novo, viewing the evidence 'in the light most favorable to the party against whom the motion has been made.'" *Karpinsky v. Am. Nat'l Ins.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013) (quoting *Pratt v. Gulfport-Biloxi Reg'l Airport Auth*., 97 So. 3d 68, 71 (¶5) (Miss. 2012)).

¶24. A motion for summary judgment is governed by Mississippi Rule of Civil Procedure 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

---

[4] The record shows the case was pending less than one year and was in the early stages of discovery.

8

When a motion for summary judgment is made and supported as provided in Rule 56, "an adverse party may not rest upon the mere allegations or denials of [the] pleadings[; rather, the] response must set forth specific facts showing that there is a genuine issue for trial." *Stuckey v. Provident Bank*, 912 So. 2d 859, 864 (¶8) (Miss. 2005). If the nonmoving party does not respond accordingly, "summary judgment, if appropriate, shall be entered against [the nonmoving party]." *Id*.

¶25.   Here, the record shows Allen failed to provide any evidence to create a genuine issue of material fact. Instead, in response to Jackson Square's motion for summary judgment, Allen simply relied upon the allegations set forth in her complaint and the arguments of counsel. However, mere allegations are insufficient to create a genuine issue for trial and arguments of counsel are not evidence. *See One 1970 Mercury Cougar v. Tunica Cty.*, 115 So. 3d 792, 796 (¶20) (Miss. 2013).

¶26.   While Allen acknowledges the standard under Rule 56(c), she asserts an exception to this rule is set forth in Rule 56(f). Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

However, despite Allen's reliance on Rule 56(f), the record is void of any affidavit or motion pursuant to Rule 56(f). Indeed, Allen "admits that no affidavit was submitted [pursuant to Rule 56(f)] supporting the reasons for failure to obtain affidavits creating fact issues."

¶27.   Additionally, although Allen asserts "that there were fact issues that could likely have

9

been established if the parties were allowed to conduct discovery," the record shows that in the months during which this case was pending, Allen did not propound written discovery or even informally request that documentation be produced. Moreover, "parties may not . . . escape summary judgment by outlining what they might discover later." *Franklin Collection Serv., Inc. v. Kyle*, 955 So. 2d 284, 291 (¶24) (Miss. 2007).

¶28. As Allen failed to set forth specific facts showing that there was a genuine issue for trial, summary judgment was proper. Accordingly, we affirm.

¶29. **AFFIRMED.**

**LEE, C.J., IRVING, P.J., BARNES, CARLTON, FAIR, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**